IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**ADIB EDDIE RAMEZ MAKDESSI,**

    Plaintiff,

v.                                                         Civil Action No. **3:14CV214**

**TERRY McAULIFFE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Adib Eddie Ramez Makdessi, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de*

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Makdessi was convicted in the Circuit Court for Virginia Beach ("Circuit Court") and "is currently serving two life sentences for first-degree murder for the May 14, 1996 killings of Elise Makdessi, his wife, and Quincy Brown, Elise's co-worker at Naval Air Station Oceana ("NAS Oceana")" and an additional thirteen years for two firearm crimes. *Makdessi v. Watson*, 682 F. Supp. 2d 633, 636 (E.D. Va. 2010). In his rambling Complaint, Makdessi alleges that Defendants,[2] who appear to be nearly every individual involved in his criminal proceedings, are part of the "crime" or "conspiracy of hate, racism, and prejudice that led them to have me fraudulently indicted and fraudulently convicted in violation of my guaranteed federally protected constitutional rights of [the] 1st,[3] 4th,[4] 5th,[5] 6th,[6] 8th,[7] and 14th Amendments."[8]

---

[2] Defendants are as follows: Terry McAuliffe, Governor of Virginia; Harvy Bryant, Commonwealth's Attorney for Virginia Beach; Katherine Orsini, Catherine Dodson, and Calvin Depew, Assistant Commonwealth's Attorneys for Virginia Beach; Leah Darron, Assistant Attorney General; Peter Legler and Annet Miller, Virginia Beach Public Defenders; Benjamin Thomas Reed, court-appointed defense attorney; Shepherd Wainger and J. Bradley Reaves, direct appeal attorneys; David Eberhardt, Richard E. Lubow, and two John Doe defendants, all State Department employees; and, Virginia Beach Circuit Judge Edward Hanson. (Compl. Attach. 1, ECF No. 1-1.) The Court employs the pagination assigned to the attachment to Makdessi's Complaint by the CM-ECF docketing system.

[3] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

(Compl. 2.)[9] Much like the claims he raised in his 28 U.S.C. § 2254 petition that this Court denied on February 4, 2010, *see, e.g.*, *Makdessi*, 682 F. Supp. at 648–49, 657, Makdessi continues to insist that he is actually innocent of his crimes of conviction, and that Defendants "conspired by covering-up" and "tampered with" allegedly exculpatory evidence and committed fraud upon the Circuit Court. (Compl. Attach. 8.) Makdessi's allegations in the instant § 1983 action mirror his fanciful and outlandish claims of innocence and of the purported wrongdoings in his criminal proceedings from his prior habeas petition.[10]

---

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[6] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[9] The Court corrects the capitalization and spelling in the quotations from Makdessi's submissions.

[10] As explained in its February 2, 2010 Memorandum Opinion dismissing his § 2254 petition:

> [Makdessi] has always maintained that [Quincy] Brown assaulted him and tied him up as [Makdessi] and Elise returned to their apartment from dinner, and that he shot Brown in self-defense while Brown was raping and stabbing Elise. [Makdessi] claimed that Brown and other individuals sought to prevent Elise from reporting that NAS Oceana personnel had sexually harassed and raped her previously. The Commonwealth argued that Makdessi killed Elise to collect her

Makdessi demands $50,000 from each defendant and "the right for a new habeas corpus based on 'actual innocence.'" (Compl. Attach. 2.) As explained below, Makdessi's Complaint will be DISMISSED AS FRIVOLOUS.

### III. ANALYSIS

#### A. Defendants Immune From Suit

##### 1. Prosecutorial Immunity

Prosecutorial immunity bars Makdessi's claims against Defendants Bryant, Orsini, Dodson, Depew, and Darron. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Makdessi fails to plead facts plausibly suggesting that Defendants' purported actions were taken outside of their roles as advocates for the state in his criminal prosecution.[11] *See Imbler*, 424

---

two life insurance policies, fabricated evidence that Elise had been raped, and tampered with the crime scene.

*Makdessi*, 682 F. Supp. 2d at 636.

[11] For example, Makdessi suggests that, the Commonwealth's Attorney's office refused to introduce allegedly exculpatory evidence. (Compl. Attach. 11–12.) Assuming *arguendo*

5

U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter*, 34 F.3d at 263 (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . ."). Accordingly, Makdessi's claims against Defendants Bryant, Orsini, Depew, and Darron will be DISMISSED.

### 2. Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

For example, Makdessi complains that Judge Hanson would not remove the public defenders (Compl. Attach. 6), stopped Makdessi from speaking in court proceedings (*id.*), and purportedly refused to allow Makdessi to put on his *pro se* defense in the manner that Makdessi desired (*id.* at 9). Makdessi fails to allege that Judge Hanson acted without jurisdiction or took

---

Makdessi could demonstrate that this evidence was material and exculpatory, prosecutors enjoy absolute immunity from civil liability for allegations that they withheld material exculpatory evidence. *Brown v. Daniel*, Nos. 99–1678, 99–1679, 99–1680, 2000 WL 1455443, at *2 (4th Cir. 2000) (quoting *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994)).

non-judicial actions for which he would lack entitlement to immunity. Accordingly, the claims against Defendant Hanson will be DISMISSED.

### B. Defense Attorneys are not State Actors

Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Makdessi's claims against Defendants Legler, Miller, Reed, Waigner, and Reaves will be DISMISSED.

### C. Makdessi's Claims are Also Barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)

Makdessi claims that he is "not challeng[ing] the validity" of his conviction, but is "challeng[ing] the procedure of hate, racism, and prejudice by proving to the federal court and jury in a publicly held trial that an actually innocent man was fraudulently convicted." (Compl. Attach. 2.) Despite this weak attempt at categorizing his claims as claims properly brought pursuant to § 1983, Makdessi clearly seeks the invalidation or vacation of his criminal conviction and sentence.[12] However, the notion that Makdessi may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

---

[12] Makdessi's demand for relief in the form of allowing him to file a new § 2254 petition challenging his convictions underlines his true intention to challenge his conviction and sentence. Makdessi also submits a brief in support of his "42 U.S.C. § 1983 action and for future writ of habeas." (ECF No. 18, at 1.)

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Makdessi seeks damages because defendants "conspire[d] with each other" to "fraudulently convict an 'actually innocent' man" and seeks permission from the Court to continue to attack his conviction and sentence by a second habeas petition. (Compl. Attach. 2.) Makdessi insists that he is innocent and alleges purported injustices beginning with his

indictment and transportation to the United States, pre-trial, during trial, and through his appeal. Makdessi fails to articulate, and the Court fails to discern, how he could both prevail on such claims and not simultaneously invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Makdessi must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Makdessi fails to allege that the state court has invalidated his current convictions or sentence. *Id.* at 486–87. Thus, *Heck* bars Makdessi's claims.

The Court also finds that Makdessi fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass the prosecutors responsible for obtaining his conviction, the Circuit Court judge who presided over his criminal trial, his defense attorneys, State Department employees, and the Governor for failing to pardon him. Accordingly, the Court also dismisses this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E. D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## IV. CONCLUSION

Accordingly, Makdessi's claims and the action will be DISMISSED as legally frivolous and malicious. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10-13-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge